**Sukhwinder SINGH, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 05–73114.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Oct. 22, 2007 *.

Filed Nov. 20, 2007.

Pardeep S. Grewal, Esq., Law Offices of Pardeep S. Grewal, Castro Valley, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Gretchen M. Wolfinger, Esq., DOJ–U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW, and IKUTA, Circuit Judges.

## MEMORANDUM **

Sukhwinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, we have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA reviews de novo the IJ's decision, our review is limited to the decision of the BIA. *See Garcia–Quintero v. Gonzales,* 455 F.3d 1006, 1011 (9th Cir.2006). As long as one of the IJ's adverse credibility findings is supported by substantial evidence and goes to the heart of Singh's claims, we will accept the IJ's finding. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004). We deny the petition.

We conclude that substantial evidence supports the IJ's adverse credibility findings. The IJ offered specific and cogent reasons for his finding based on an inconsistency regarding the date on which Singh joined his political party, which goes to the heart of Singh's claims of persecution. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000). In addition, the IJ's adverse credibility findings based on Singh's failure to submit corroborating documents of his identity, his practice of the Sikh religion, and his claims of persecution are supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4); *Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000).

In the absence of credible evidence, Singh has failed to show eligibility for asylum and withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Because Singh's claim under the CAT is based on the same facts that the IJ found to be not credible, and Singh points to no other evidence that the IJ should have considered, he has failed to establish eligibility for relief under the CAT. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.